IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKALHOMA

| | |
|---|---|
| ADRIAN CROSS,<br><br>**Plaintiff,**<br><br>v.<br><br>**UNITED STATES MARSHAL SERVICE, LLOYD VELLEK, DAVID L. HARLOW, DAVID ANDERSON, and UNITED STATES OF AMERICA,**<br><br>**Defendants.** | **REPORT & RECOMMENDATION**<br><br>Case No. 6:18-cv-327 DAK-DBP<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

# **INTRODUCTION**[1]

On October 1, 2018, Plaintiff Adrian Cross ("Plaintiff" or "Mr. Cross") filed his pro se civil rights action against Defendants the United States Marshal Service (the "U.S. Marshal"), Lloyd Vellek (Mr. Vellek), David L. Harlow ("Mr. Harlow"), David Anderson ("Mr. Anderson") and the United States of America (the "United States") (collectively "Defendants").[2] At the time of the events giving rise to his claims, Plaintiff was a federal pretrial detainee housed at the Muskogee County Jail (the "Jail") in Muskogee, Oklahoma. While at the Jail, Mr. Cross asserts the Defendants violated his federal constitutional rights and were negligent under Oklahoma state law.[3] Plaintiff invokes the jurisdiction of this court based on federal question and the

---

[1] These matters are before the above entitled court pursuant to an out of district referral from United States District Judge Ronald A. White of the Eastern District of Oklahoma, with the concurrence of the United States District Court Chief Judge Robert J. Shelby and United States District Court Judge Dale A. Kimball from the District of Utah. ECF No. 5, ECF No. 6 *see* 28 U.S.C. § 636(f).

[2] ECF No. 2. Plaintiff's application to procced in forma pauperis ("IFP") was granted on April 12, 2019. ECF No. 8.

[3] ECF No. 2 at 2, Section C. ¶¶ 1-3, 6-11.

1

Federal Tort Claims Act ("FTCA" or the "Act").[4] Currently pending is Defendants' motion to dismiss for lack of jurisdiction and failure to state a claim[5] and Plaintiff's motion to submit exhibit as evidence of claim[6] and motion for evidentiary hearing.[7]

For the reasons set forth herein, this court now recommends as follows.

## STANDARD OF REVIEW

### I. Federal Rule of Civil Procedure 12(b)(1)

As courts of limited jurisdiction, federal courts "may only adjudicate cases that the Constitution and Congress have granted them authority to hear."[8] Statutes conferring federal jurisdiction are strictly construed[9] and the law imposes a general "presumption against the exercise of jurisdiction."[10]

Pursuant to Rule 12(b)(1), the court is required to dismiss a complaint if at any time it becomes aware of a "lack of jurisdiction over the subject matter."[11] The party asserting jurisdiction bears the burden of proof[12] and conclusory allegations offered in support of jurisdiction will not suffice.[13]

---

[4] *Id.* at ¶ A1; *see* 28 U.S.C. § 1331; 28 U.S.C. § 2674.

[5] ECF No. 60; *see also* Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6).

[6] ECF No. 69.

[7] ECF No. 74.

[8] *Linville v. Barrows,* 489 F. Supp. 2d 1278, 1280 (W.D. Okla. Apr. 19, 2007); *see* U.S. Const., art III, § 2.

[9] *F&S Const. Co. v. Jensen*, 337 F. 2d 160, 161 (10th Cir. 1994).

[10] *Halley v. Oklahoma State Dep't. of Human Servs.,* 176 F. Supp. 3d 1268, 1280 (E.D. Okla. Mar. 31, 2016) (*citing Merida Delgado v. Gonzales,* 428 F.3d 916, 919 (10th Cir. 2005)).

[11] Fed. R. Civ. P. 12(b)(1).

[12] *Penteco Corp. Ltd. Partnership-1985A v. Union Gas System, Inc.,* 929 F.2d 1519, 1521 (10th Cir. 1991).

[13] *Groundhog v. Keeler,* 442 F.2d 674, 677 (10th Cir. 1971).

## II. Federal Rule of Civil Procedure 12(b)(6)

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14] "A claim has facial plausibility when it contains factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged."[15] In other words, a plaintiff must plead both a viable legal theory and enough factual matter that, taken as true, makes the claim for relief plausible on its face.[16]

Plausibility speaks "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[17] When reviewing a complaint under Rule 12(b)(6), the court accepts all plausible factual allegations as true but need not accept "unwarranted inferences, unreasonable conclusions, or arguments."[18] Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."[19]

Determination of whether a complaint states a claim is "context-specific" and "requires the reviewing court to draw on its judicial experience and common sense."[20] Indeed, "where the

---

[14] *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2008) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

[15] *Id.* (*citing Twombly,* 550 U.S. at 556).

[16] *See Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir. 2008).

[17] *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (*quoting Twombly,* 550 U.S. at 570).

[18] *Eastern Shore Mkt.'s Inc. v. J.D. Assoc's., LLP,* 213 F.3d 175, 180 (4th Cir. 2000).

[19] *Iqbal,* 556 U.S. at 678 (citation omitted).

[20] *Id.* at 679.

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged---but has not 'show[n]' that the pleader is entitled to relief."[21]

## DISCUSSION

Defendants move for dismissal of Plaintiff's FTCA claim as well as his § 1983 claims raised against Mr. Vellek, Mr. Harlow and Mr. Anderson (the "Individual Defendants").[22] Based on Mr. Cross' production of a Certified Mail Receipt, for his administrative "Claim For Damage Injury, Or Death," evidencing the Department of Justice's (the "Department") receipt of his administrative claim on June 1, 2018, Defendants have withdrawn their argument that Plaintiff failed to timely exhaust his administrative remedies.[23] In turn, Mr. Cross' argument that the time period for filing an administrative claim should be tolled, based on the Department's intentional failure to forward the claim to the U.S. Marshal, is also moot.[24]

Under both federal rule 12(b)(1) and 12(b)(6), all well-pleaded allegations are accepted as true and viewed in a light must favorable to the non-moving party.[25]

### I. Federal Tort Claims Act

The FTCA contains the exclusive remedy "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ."[26]

---

[21] *Id.* (*citing* Fed. R. Civ. P. 8(a)(2)).

[22] ECF No. 60; Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6).

[23] ECF No. 69; ECF No. 69-1, Exhibit 3; ECF No. 72.

[24] ECF No. 73.

[25] *Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied,* 130 S. Ct. 1142, 175 L. Ed. 2d 973 (2010).

[26] 28 U.S.C. § 2679(b)(1).

Specifically, the Act "waives the federal government's sovereign immunity to suits for money damages arising out of the negligence of government agents."[27]

Under the FTCA, state law determines substantive liability.[28] As a result, the FTCA is not a remedy for the federal constitutional violations alleged by Mr. Cross.[29] While unclear, Mr. Cross appears to assert a FTCA claim based on Defendants' violation of Oklahoma state law creating a statutory presumption of negligence against defendant where, when rendering medical care, a plaintiff sustains injury that is "proximately caused by an instrumentality solely within the control of the defendant."[30]

---

[27] *Bowling v. United States,* 740 F. Supp. 2d 1240, 1245 (D. Kan. 2010) (*quoting Barnes v. United States*, 137 Fed. Appx. 184, 187 (10th Cir. 2005)).

[28] *Miller v. United States,* 463 F.3d 1122, 1123 (10th Cir. 2006).

[29] *Staples v. United States,* 2011 U.S. Dist. LEXIS 35194 *3-4. (W.D. Okla. Mar. 7, 2011) (*citing Federal Deposit Insurance Corp. v. Meyer,* 510 U.S. 471, 477, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994) (the "law of the State [is] the source of substantial liability under the FTCA," and the "United States simply has not rendered itself liable under [the Act] for constitutional claims.")); *Klepper v, City of Milford,* 825 F.2d 1440, 1448 (10th Cir. 1987) ("[W]here a negligence claim is based on a violation of a federal statute or regulation, no claim will lie under the FTCA in the absence of some other duty under the applicable state law."). Plaintiff's complaint states federal constitutional claims for violation of the First Amendment based on a Chaplin's failure to provide him with a copy of The Holy Quran, violation of the Fifth Amendment based on a denial of "due process of law," violation of the Fourteenth Amendment for denial of his right to "freedom of religion," and violation of the Eighth Amendment for "excessive risks" to safety stemming from conditions at the Jail (cell doors that don't lock, overcrowding, inadequate food and drinking water and racially charged attacks by other inmates). *See* ECF No. 2 at ¶¶ 6, 7, 8, 9, 10, 11, 15, 21, 25.

[30] ECF No. 2 at 2; 76 Okl. St. § 21, "Presumption of Negligence".

### A. Administrative Claim

Before filing a lawsuit under the FTCA, a claimant must exhaust administrative remedies by filing an administrative claim ("Claim") with the appropriate federal agency.[31] A Claim must include "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim."[32] While the sufficiency of a Claim is case specific, the requirements are jurisdictional and cannot be waived.[33] Further, because the Act constitutes a waiver of sovereign immunity, Claim requirements are strictly construed[34] and a court should not "extend the waiver beyond that which Congress intended."[35]

In May 2018, Mr. Cross sent his Claim, via certified mail, to the U.S. Department of Justice, U.S. Marshal Service, Eastern District of Oklahoma, in Muskogee, Oklahoma.[36] The Claim lists damages in the amount of $125,00.00 and identifies the basis of his Claim as the "miss management [sic] of medications and treatment protocol" and refusal to provide transport to the hospital.[37] While a Claim need not set forth a specific legal theory, it must provide notice

---

[31] 28 U.S.C. § 2675(a) ("an action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied.").

[32] *Estate of Trentadue ex. Rel. Aguilar v. United States,* 397 F.3d 840, 852 (10th Cir. 2005) (*quoting Bradley v. U.S. ex. Rel. Veterans Admin.,* 951 F.2d 268, 270) (10th Cir. 1991) (internal quotation omitted)); *see also Barnes v. United States,* 137 Fed. Appx. at 184, 187 (10th Cir. 2005) (citation omitted).

[33] *See Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991) (*citing Three-M Enters., Inc. v. United States,* 548 F.2d 293, 295 (10th Cir. 1977)).

[34] *Id.* at 271 ("limitations periods involving waivers of sovereign immunity must be strictly construed").

[35] *United States v. Kubrick,* 444 U.S. 111, 117-18, 62 L. Ed. 2d 259, 100 S. Ct. 352 (1979).

[36] ECF No. 2-1,"Claim For Damage, Injury or Death".

[37] *Id.*

of the facts and circumstances offered in support of the "potentially tortious" conduct.[38] Although Plaintiff's Claim does not clearly correlate with the allegations of his complaint,[39] the court recognizes that administrative requirements should not be interpreted "woodenly." [40] And, while there is arguably sufficient disconnect between Plaintiff's Claim and his Complaint, such that the two do "not jibe", interpreted broadly, Plaintiff's Claim likely provides sufficient notice of injury for purposes of exhausting his administrative remedies.[41]

### B. Failure To Establish Jurisdiction Or State A Claim.

Assuming Mr. Cross' Claim provides sufficient notice, dismissal of Plaintiff's FTCA claim is appropriate for failure to establish subject matter jurisdiction and failure to state a claim.[42]

---

[38] *Dynamic Image Techs., Inc. v. United States,* 221 F.3d 34, 41 (10th Cir. 2000); *see also Mellor v. United States,* 484 F. Supp. 641, 642 (10th Cir. 2000) administrative claim requirement is to provide notice and "allow the agency to expedite the claims procedure and avoid unnecessary litigation by providing a relatively informal nonjudicial resolution of the claim."); *Barnson v. United States,* 531 F. Supp. 614, 623 (D. Utah 1982) ("[A] claim is sufficient which notifies the agency of the facts of the incident and need not elaborate all possible causes of action or legal theories of liability.").

[39] Of note, the incidents set forth in Mr. Cross' Claim more closely align with the allegations and causes of action set forth in a separate federal lawsuit filed by Mr. Cross, than the claims he raises in his pending action. *Compare Cross v. Fraizer*, 6:18-cv-00327 (raising claims for inadequate medical treatment while housed at the Muskogee Jail as a pre-trial detainee).

[40] *Dynamic Image Techs., Inc.,* 221 F.3d at 40.

[41] *Id.* (finding plaintiffs' complaint and "administrative claim did not jibe, [and therefore] the district court appropriately dismissed the amended complaint for want of subject matter jurisdiction.").

[42] Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6).

7

First, to the extent that Mr. Cross alleges an FTCA claim against the U.S. Marshal, Mr. Vellek, Mr. Harlow or Mr. Anderson, his claim must be dismissed for lack of jurisdiction as the United States is "the only proper defendant in an FTCA action."[43]

Second, while difficult to discern, the allegations offered in support of Plaintiff's FTCA claim fail to identify status, are conclusory and reference violations of federal constitutional rights. While unclear, presumably as support for his FTCA claim, Plaintiff alleges "Dr. William Cooper exhibited a deliberate and willful indifference to serious medical needs, violating plaintiff Cross's constitutional rights to due process and freedom from cruel and unusual punishment . . . . By allowing the medical staff at [the Jail] to engaged [sic] in the common practice and pattern of failing to exercise reasonable care in there [sic] duties."[44] Dr. William Cooper, however, is not named as a defendant or identified anywhere in the complaint. Identification and employee status are relevant as "the FTCA does not authorize suits based on the acts of independent contractors or their employees."[45] Further, absent information as to "whether the federal government has the power to control" performance of the individual the court is unable to confirm subject matter jurisdiction[46] or reach the merits of Defendant's

---

[43] *Smith v. United States,* 561 F.3d 1090, 1093 (10th Cir. 2009), *cert. denied,* 558 U.S. 1148, 130 S. Ct. 1142, 175 L. Ed. 2d 973 (2010); *Oxendine v Kaplan,* 241 F.3d 1272, 1275 n. 4 (10th Cir. 2001); *see also Gaines v. U.S. Marshals Service,* 2008 U.S. Dist. LEXIS 5245 *4 (E.D. Okla. Jan. 22, 2008) ("An agency of the United States such as the USMS *may not be sued* under the FTCA.") (emphasis in original)).

[44] ECF No. 2 at ¶¶ 12, 24.

[45] *Curry v. United States,* 97 F.3d 412, 414 (10th Cir. 1990) (*citing* 28 U.S.C. § 1346(b)).

[46] *Tsosie v. United States*, 452 F.3d 1161, 1163 (10th Cir. 2006) challenged conduct in an FTCA action was performed by an independent contract and dismissal of the action under federal rule 12(b)(1) for lack of subject matter jurisdiction is appropriate.).

discretionary function exception claim.[47] In addition, the allegations offered in support of Plaintiff's FTCA are conclusory, [48] fail to plead sufficient factual content and appear to reference violations of Mr. Cross' federal constitutional rights, as opposed to a claim for negligence.[49]

Accordingly, the court recommends that Mr. Cross' FTCA claim against the U.S. Marshal and Individual Defendants be dismissed for lack of subject matter jurisdiction and against the United States for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.[50]

## II. Constitutional Claims

Next, Mr. Cross brings § 1983 claims against the Individual Defendants, in their individual capacities, for violation of his federal constitutional rights under the First, Fifth, Eighth and Fourteenth Amendments.[51]

### A. 42 U.S.C. § 1983

Standing alone, Section 1983 is not "a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."[52] Specifically, the statute creates a federal cause of action for violations of constitutional law by those individuals acting "under

---

[47] *Duplan v. Harper*, 188 F.3d 1195, 1200 (10th Cir. 1999).

[48] *Iqbal,* 556 U.S. at 678 (citation omitted) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.).

[49] ECF No. 2, ¶ 24 ("Dr. William Cooper, exhibited a deliberate and wilful [sic] indifference to serious medical needs, violating plaintiff Cross's constitutional rights to due process and freedom from cruel and unusual punishment.").

[50] Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6).

[51] ECF No. 2.

[52] *Graham v. Connor,* 490 U.S. 386, 394, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) (quotations and citation omitted).

9

color of state law."[53] The statute is designed "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."[54] Two "prima facie elements must be alleged in a § 1983 complaint: 1) the defendant deprived the plaintiff of a right secured by the 'Constitution and laws' of the United States and 2) the defendant acted 'under color of law.'"[55] An individual acting under color of state law "is a state government official or person who acts under the authority of state law or a private person whose conduct is fairly attributable to the State."[56]

In the context of a civil rights action against multiple governmental actors, liability is predicated on each defendant's personal involvement in the constitutional violation.[57] As a result, it is of particular importance "that the complaint make clear exactly who is alleged to have done what to whom, [in order] to provide each individual with fair notice as to the basis of the claims against him or her."[58] Specifically,

> When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights "were violated" will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that "defendants"

---

[53] *See* 42 U.S.C. § 1983 (a person acting under color of state law "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.").

[54] *Wyatt v. Cole,* 504 U.S. 158, 161, 112 S. Ct. 1827, 1830, 118 L. Ed. 2d 504 (1992).

[55] *Sanders v. Muskogee County Det. Ctr.,* 2012 U.S. Dist. LEXIS 67337 * 4 (E. D. Okla. May 15, 2012) (*quoting Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970)).

[56] *Butler v. Kelly,* 2019 U.S. Dist. LEXIS 203194 *3 (D. Kan. Nov. 22, 2019) (*citing Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000)).

[57] *See Pahls v. Thoms,* 718 F. 3d 1210, 1225-56 (10th Cir. 2013).

[58] *Wilson v. Montano,* 715 F.3d 847, 852 (10th Cir. 2013) (*citing Robbins v Oklahoma,* 519 F.3d 1242, 1250 ) (10th Cir. 2008)).

infringed his rights.[59]

Thus, in order to survive dismissal, a § 1983 plaintiff must allege: "(1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused, (3) by the conduct of a 'person', (4) who acted under color of any statute, ordinance, regulation, custom, or usage of any State or Territory of the District of Columbia."[60]

### i. Plaintiff Fails To Allege Personal Involvement By Individual Defendants

In order to state a § 1983 claim against defendants in their individual capacities, Plaintiff must demonstrate each defendants' personal participation in the violations and "'make clear exactly *who* is alleged to have done *what* to *whom*.'"[61] In turn, any constitutional right "allegedly invaded, [and] warranting an award of damages, must be specifically identified."[62] A grievance denial alone without any connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."[63]

Here, Mr. Cross identifies Mr. Harlow, Mr. Anderson and Mr. Vellek, but does

---

[59] *Pahls,* 718 F.3d at 1225-26 (*citing Tomkovich v. Kan. B. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998)).

[60] *Beedle v. Wilson,* 422 F.3d 1059, 1064 (10th Cir. 2005) (*citing Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002) (quotation omitted)).

[61] *Stone v. Albert,* No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (*quoting Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir. 2008)); *see also Bennett v. Passic*, 545 F. 2d 1260, 1262-63 (10th Cir. 1996) (citations omitted) ("Personal participation is an essential allegation in a § 1983 claim.").

[62] *Wise v. Bravo,* 666 F.2d 1329, 1333 (10th Cir. 1981) (*citing Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied,* 444 U.S. 1086, 100 S. Ct. 1045, 62 L. Ed. 2d 772 (1980)).

[63] *Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2009).

not explain how each Individual Defendant personally participated in a violation of his constitutional rights. Indeed, Mr. Cross' complaint only references Mr. Harlow and Mr. Anderson once, on the first page of the pleading in a section entitled "Parties," and there are no specific allegations or cause of action stated against them.[64] Accordingly, absent specific allegations setting forth exactly how each defendant allegedly violated his civil rights, Mr. Cross fails to state a claim and the court recommends dismissal of Plaintiff's § 1983 claims against the Individual Defendants.[65]

### ii. Plaintiff Cannot Sue Individual Defendant Based Solely On Supervisory Position

Additionally, in order to state a claim under § 1983, there must be direct participation or involvement and a defendant may not be held liable based solely on supervisory status.[66] While a supervisor may be liable for personal participation, the "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged" will not suffice.[67]

Mr. Cross references Mr. Vellek twice in the body of the pleading. First, Plaintiff identifies Mr. Vellek as the "Supervising Deputy U.S. Marshal at the United States Marshals Service, in the Easter District of Oklahoma".[68] Second, he alleges that Mr. Vellek, "as the Official Supervisor or Supervising Deputy U.S. Marshal can be held responsible if he knew (or

---

[64] ECF No. 2 at ¶¶ 5, 6.

[65] *Twombly,* 550 U.S. at 570; *see* Fed. R. Civ. P. 12(b)(6).

[66] *Mitchell v. Maynard,* 80 F.3d 1433, 1441 (10th Cir. 1996) (supervisory status alone is insufficient to support liability under § 1983); *see also Wright v. Bowen*, 2019 U.S. Dist. LEXIS 198393 *7 (D.N.M. Nov. 15, 2019).

[67] *Gallagher,* 587 F.3d at 1069.

[68] ECF No. 2 at ¶ 4.

should have known) that he was housing the plaintiff in a constitutional [sic] deficient facility thus joining the [Jail] in acting illegally".[69]

Mr. Cross cannot state a claim against Mr. Vellek based solely on his position as "Supervising Deputy U.S. Marshal" as government officials "may not be held liable for the unconstitutional conduct of their subordinates . . . ."[70] Further, Plaintiff fails to offer any affirmative link between a constitutional violation and Mr. Vellek's personal participation, "exercise of control or direction, or his failure to supervise."[71] As a result, Plaintiff cannot state a claim and the court recommends granting Mr. Vellek's motion for dismissal.

### III.   Amendment

Because Mr. Cross proceeds pro se, the court construes his pleading "liberally".[72] When presented with a motion to dismiss, it is generally preferable to allow a pro se litigant the opportunity to remedy any defects or pleading deficiencies.[73]

---

[69] ECF No. 2 at ¶ 30.

[70] *Gaines v. United States Marshals Serv.,* 2011 U.S. Dist. LEXIS 28319 *4 (E. D. Okla. Mar. 17, 2011) (*citing Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 868 (2009)); *Sanders v. Muskogee County Det. Ctr.,* 2012 U.S. Dist. LEXIS 67337 *4 (E. D. Okla. May 15, 2012) (*citing Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 694-95, 98 S. Ct. 2018, 2037-2038, 56 L. Ed. 2d 611 (1978)); *see also Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (supervisory status alone does not support § 1983 liability).

[71] *Meade v. Grubbs*, 841 F.2d 1512, 1527 (10th Cir. 1988) (citation and quotation omitted); *see also Dodds v. Richardson,* 614 F.3d 1185, 1201-02 (10th Cir. 2010) (requiring "affirmative link" between the supervisor and the constitutional violation); *Poolaw v. Marcantel,* 565 F.3d 721, 732 (10th Cir. 2009).

[72] *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[73] *Reynoldson v. Shillinger*, 907 F.2d 124 (10th Cir. 199) (citing cases); *see also* 6 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure,* Civil 2d § 1483 (West 1990) ("[If] it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.").

Consistent therewith, the court recommends allowing Plaintiff any opportunity to amend his pleading to address the deficiencies of his complaint. A failure to timely amend will result in a recommendation of dismissal.

## RECOMMENDATION

In conclusion, the court RECOMMENDS that Defendants' Motion to Dismiss is GRANTED.[74] Specifically, Mr. Cross' FTCA claims against the U.S. Marshal and Individual Defendants Mr. Harlow, Mr. Anderson and Mr. Vellek be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction as the agency and Individual Defendants are not proper parties.[75] FURTHER, the court RECOMMENDS that Mr. Cross' FTCA claim against the United States be DISMISSED WITHOUT PREJUDICE for failure to establish subject matter jurisdiction or state claim. Finally, the court RECOMMENDS that Mr. Cross § 1983 claims against the Individual Defendants be DISMISSED WITHOUT PREJUDICE for failure to state a claim.

IN ADDITION, consistent with this ruling, the court RECOMMENDS that Plaintiff's Motion to Submit Exhibit As Evidence of Claim be GRANTED[76] and Plaintiff's Motion for Evidentiary Hearing be DENIED.[77]

---

[74] ECF No. 60.

[75] *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction. . . the dismissal must be without prejudice." ); *Mecca v. United States,* 389 Fed. Appx. 775, 780 (10th Cir. 2010) (unpublished) (reversing lower court dismissal with prejudice concluding "because the district court found itself without jurisdiction over the FTCA claims, dismissal should have been entered without prejudice, even if the court deemed further amendment futile.").

[76] ECF No. 69.

[77] ECF No. 74.

If the District Court adopts this Report and Recommendation, given that Mr. Cross proceeds pro se, the court RECOMMENDS allowing him fourteen (14) days after being served with a copy of the District Court's decision adopting this REPORT AND RECOMMENDATION, to file an Amended Complaint.

Copies of this Report and Recommendation are being sent to Plaintiff, who is hereby notified of his right to object. Plaintiff must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy.[78] A failure to object may constitute waiver of objections upon subsequent review.

**IT IS SO ORDERED.**

Dated: April 13, 2020.

_____
Dustin B. Pead
U.S. Magistrate Judge

---

[78] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).