IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKALHOMA

| | |
|---|---|
| **ADRIAN CROSS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**UNITED STATES MARSHAL SERVICE, LLOYD VELLEK, DAVID L. HARLOW, DAVID ANDERSON, UNITED STATES OF AMERICA, and CATHY COTT,**<br><br>**Defendants.** | **REPORT & RECOMMENDATION**<br><br>**Case No. 6:18-cv-327 DAK-DBP**<br><br>**District Judge Dale A. Kimball**<br><br>**Magistrate Judge Dustin B. Pead** |

## **INTRODUCTION**[1]

On October 1, 2018, Plaintiff Adrian Cross ("Plaintiff" or "Mr. Cross") filed his pro se civil rights action against Defendants the United States Marshal Service, Lloyd Vellek, David L. Harlow, David Anderson and the United States of America.[2] (ECF No. 2.)

On May 21, 2020, District Court Judge Dale A. Kimball adopted this court's Report and Recommendation, dismissing Mr. Cross' complaint and allowing him the opportunity to amend the deficiencies of his initial pleading.[3] On June 16, 2020, Mr. Cross filed his amended complaint, naming the United States of America (the "United States"), the U.S. Marshal Service

---

[1] These matters are before the above entitled court pursuant to an out of district referral from United States District Judge Ronald A. White of the Eastern District of Oklahoma, with the concurrence of the United States District Court Chief Judge Robert J. Shelby and United States District Court Judge Dale A. Kimball from the District of Utah. ECF No. 5, ECF No. 6 *see* 28 U.S.C. § 636(f).

[2] ECF No. 2. Plaintiff's application to procced in forma pauperis ("IFP") was granted on April 12, 2019. *See* ECF No. 8.

[3] ECF No. 75; ECF No. 79.

1

(the "U.S. Marshal"), Mr. Lloyd Vellek ("Mr. Vellek") and Ms. Cathy Cott ("Ms. Cott") as Defendants (collectively "Defendants").[4] Thereafter, on June 30, 2020, Defendants filed their pending motion to dismiss.[5]

Upon review, and for the reasons set forth herein, this court now recommends as follows.

## STANDARD OF REVIEW

### I.     Federal Rule of Civil Procedure 12(b)(6)

When conducting a review under 12(b)(6), all well pleaded allegations are accepted as true and viewed in a light most favorable to the non-moving party.[6]

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] "A claim has facial plausibility when it contains factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged."[8] In other words, a plaintiff must plead both a viable legal theory and enough factual matter that, taken as true, makes the claim for relief plausible on its face.[9]

Plausibility speaks "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not

---

[4] ECF No. 81. Plaintiff's amended complaint does not state claims against David Harlow and David Anderson, who were named as defendants in the original pleading, and adds Ms. Cott as a named defendant.

[5] ECF No. 82.

[6] *Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied,* 130 S. Ct. 1142, 175 L. Ed. 2d 973 (2010).

[7] *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2008) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

[8] *Id.* (*citing Twombly,* 550 U.S. at 556).

[9] *See Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir. 2008).

nudged their claims across the line from conceivable to plausible.'"[10] When reviewing a complaint under Rule 12(b)(6), the court accepts all plausible factual allegations as true but need not accept "unwarranted inferences, unreasonable conclusions, or arguments."[11] Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."[12]

Determination of whether a complaint states a claim is "context-specific" and "requires the reviewing court to draw on its judicial experience and common sense."[13] Indeed, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged---but has not 'show[n]' that the pleader is entitled to relief."[14]

## DISCUSSION

At the time of the events giving rise to his claims, Plaintiff was a federal pretrial detainee housed at the Muskogee County Jail (the "Jail") in Muskogee, Oklahoma.[15] Similar to his original complaint, Mr. Cross' amended pleading states claims under the Federal Tort Claims Act and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) ("Bivens").[16]

---

[10] *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (*quoting Twombly,* 550 U.S. at 570).

[11] *Eastern Shore Mkt.'s Inc. v. J.D. Assoc's., LLP,* 213 F.3d 175, 180 (4th Cir. 2000).

[12] *Iqbal,* 556 U.S. at 678 (citation omitted).

[13] *Id.* at 679.

[14] *Id.* (*citing* Fed. R. Civ. P. 8(a)(2)).

[15] ECF No. 81.

[16] *Id.*

3

## I.     Federal Tort Claims Act

The Federal Tort Claims Act ("FTCA" or "Act") provides the "exclusive avenue to assert a claim sounding in tort against the United States."[17] The only proper defendant in an FTCA action is the United States and, to the extent that Plaintiff alleges claims against the U.S. Marshal, Mr. Vellek or Ms. Cott and the court recommends dismissal.[18]

The FTCA "waives the federal government's sovereign immunity to suits for money damages arising out of the negligence of government agents."[19] This waiver, however, is subject to the discretionary function exception which Defendants contend applies and requires dismissal of Mr. Cross' claim.[20] Under the discretionary function exception, sovereign immunity does not apply to:

> [a]ny claim. . . .based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.[21]

---

[17] *Franklin Sav. Corp. v. United States,* 385 F.3d 1279, 1286 (10th Cir. 2004).

[18] *Smith v. United States,* 561 F.3d 1090, 1093 (10th Cir. 2009), *cert. denied,* 558 U.S.1148, 130 S. Ct. 1142, 175 L. Ed. 2d 973 (2010); *Oxendine v Kaplan,* 241 F.3d 1272, 1275 n. 4 (10th Cir. 2001); *see also Gaines v. U.S. Marshals Service,* 2008 U.S. Dist. LEXIS 5245 *4 (E.D. Okla. Jan 22, 2008) ("An agency of the United States such as the USMS *may not be sued* under the FTCA.") (emphasis in original)).

[19] *Bowling v. United States,* 740 F. Supp. 2d 1240, 1245 (D. Kan. 2010) (*quoting Barnes v. United States*, 137 Fed. Appx. 184, 187 (10th Cir. 2005)).

[20] *See Dalehite v. United States,* 346 U.S. 15, 31, 97 L. Ed. 1427, 73 S. Ct. 956 (1953) (where discretionary function exception applies court lacks subject matter jurisdiction).

[21] 28 U.S.C. § 2680(a).

The court need not, however, reach the merits of Defendants' argument.[22] Rather, a "prerequisite for liability under the FTCA is a 'negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'"[23] Here, Mr. Cross' amended complaint fails to allege the prerequisites of liability. Although he provides general statements of law and agency policy,[24] Mr. Cross' amended pleading is devoid of any clear and specific factual allegations. Plaintiff fails to identify an injury,[25] tort law

---

[22] If the court were to address the merits, United States Magistrate Judge Simonton's comprehensive ruling in *Minerva De Los Santos v. United States of America,* concluding that a negligence claim related to a pretrial inmate's medical care at a contract jail was precluded by the discretionary function exception to the FTCA, appears instructive. 1:19-cv-01913 (S.D. Fla., Sept. 28, 1999).

[23] *Estate of Trentadue ex rel. Aguilar v. United States,* 397 F.3d 840, 852(10th Cir. 2005) (*citing* 28 U.S.C. § 1346(b)).

[24] ECF No. 81 at 3 ("The primary aims of tort laws are to provide relief to injured parties for harms cause by others, to impose liability on parties responsible for the harm, and to deter others from committing harmful acts."); *Id.* ("To bear responsibility for injury to others, your negligent action (or failure to act in certain situations) must be the proximate cause of the injury without any intervening causes interrupting the natural sequence of events."); *Id.* at 4 ("Omission (law) [a]n omission is a failure to act, which generally attracts different legal consequences from positive conduct."); *Id.* at 5 ("the U.S. Marshals Service assumes responsibility for all prisoners charged with a federal offense, regardless of which state, local or federal law enforcement agency made the arrest."); *Id.* at 6 ("The Local Government shall accept and provide for the secure custody, safekeeping, housing, subsistence and care of Federal detainees in accordance with all federal, state and local laws, standards, regulations, policies and court orders [ ], applicable to the operation of the Facility.") (emphasis omitted); *Id.* ("The Facility shall have in place an adequate infectious disease, control program [sic] which includes testing of all Federal detainees for Tuberculosis (TB) within 14 days of intake."); *Id.* at 7 ("Prisoners have alleged several negligence claims against the facilities doctor and nurses for medical malpractice.").

[25] ECF No. 81 at 3 (stating unidentified "acts and/or inactions" caused "injustice").

violation,[26] or a connection between a negligent action and an identified government employee. Rather, Plaintiff's amended allegations are conclusory,[27] sporadically reference violations of federal constitutional rights[28] and fail to indicate "whether the federal government has the power to control" the performance of an identified individual.[29]

It is not the obligation of the court to fashion a cause of action for Plaintiff. Mr. Cross' amended pleading must stand on its own and allegations or claims set forth in his prior complaint, or other cases, are not incorporated therein.[30] Construing the amended complaint in a light most favorable to Plaintiff,[31] the court finds that Mr. Cross fails to meet minimal pleading

---

[26] *See Crow v. United States,* 634 F. Supp. 1085, 1092 (D. Kansas 1986) ("the liability of the United States under the FTCA arises only when the law of the state would impose it.") (citation omitted); *Birnbaum v. United States,* 588 F.2d 319, 327-28 (2d Cir. 1978) (The FTCA does not create new causes of action; rather, "it makes the United States liable in accordance with applicable local tort law."); *Zabala Clemente v. United States,* 567 F.2d 1140, 1149 (1st Cir. 1977), *cert. denied,* 435 U.S. 1006, 98 S. Ct. 1876, 56 L. Ed. 2d 388 (1978) ("Even where specific behavior of federal employees is required by federal statute, liability to the beneficiaries of that statue may not be founded on the Federal Tort Claims Act if state law recognizes no comparable private liability."). In his opposition memorandum, Plaintiff references "the doctrine of strict liability" under "Oklahoma State Tort Law," but does not identify a state tort. (ECF No. 84 at 6.)

[27] *Iqbal,* 556 U.S. at 678 (citation omitted) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.).

[28] *Staples v. United States,* 2011 U.S. Dist. LEXIS 35194 *3-4. (W.D. Okla. Mar. 7, 2011) (*citing Federal Deposit Insurance Corp. v. Meyer,* 510 U.S. 471, 477, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994) (the "law of the State [is] the source of substantial liability under the FTCA," and the "United States simply has not rendered itself liable under [the Act] for constitutional claims.").

[29] *Tsosie v. United States,* 452 F.3d 1161, 1163 (10th Cir. 2006).

[30] *See TV Communications Network Inc. v. Turn Network Television, Inc.,* 964 F.2d 1022, 1025 (10th Cir. 1992) ("The amended complaint must stand or fall on its own.").

[31] *Smith*, 561 F.3d at 1098.

standards or state a plausible claim for relief under the FTCA.[32] Accordingly, the court recommends dismissal of Plaintiff's FTCA claim for failure to state a claim.[33]

## II. Bivens

A Bivens claim may only be brought "against federal officials in their individual capacities . . . and cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies."[34] Thus, the court recommends that any Bivens claims raised against the United States or the U.S. Marshal be denied.

Under Bivens "the doctrines of respondeat superior and vicarious liability are inapplicable, and therefore, 'a plaintiff must plead that each [federal] Government-official defendant through the official's own individual actions, has violated the Constitution.'"[35] Further, while the factors necessary to establish a Bivens violation "vary with the constitutional provision at issue,"[36] the elements of a claim are "substantially similar to a claim under . . .

---

[32] *Iqbal*, 556 U.S. at 678; *see also* Fed. R. Civ. P. 8.

[33] Fed. R. Civ. P. 12(b)(6).

[34] *Smith v. United States,* 561 F.3d at 1099 (internal citations omitted); *Bieneman v. Chicago,* 864 F.2d 463, 469 (7th Cir. 1988) (elements of Bivens claim same as those for § 1983 except federal, as opposed to state, actor is required).

[35] *Walker v. Joon Kim*, 2020 U.S. Dist. LEXIS 73676 *35 (S.D.N.Y. April 24, 2020) (*quoting Iqbal,* 556 U.S. at 676-77); *see also Thomas v. Ashcroft,* 470 F.3d 491, 496 (2d Cir. 2006) ("a plaintiff must allege that the individual defendant was personally involved in the constitutional violation."); *Johnson v. Government of Dist. Of Columbia,* 734 F.3d 1194, 1204 (D.D.C. 2013) (knowledge of subordinate's violation insufficient; plaintiff must properly plead supervisor violated constitutional right as well); *Gaines v. United States Marshals Serv.,* 2011 U.S. Dist. LEXIS 28319 *4 (E. D. Okla. Mar. 17, 2011) (*citing Iqbal,* 556 U.S. at 676).

[36] *Iqbal,* 556 U.S. at 676.

§ 1983 such that courts incorporate § 1983 case law."[37]

### 1. Mr. Vellek

Construing Plaintiff's complaint liberally,[38] Mr. Cross appears to state a Bivens claim against Mr. Vellek, as "Deputy Director of the Muskogee office of the U.S. Marshal Service for the eastern district of Oklahoma," for a violation of his constitutional rights.[39] In support of his claim, Mr. Cross states that Mr. Vellek "conspired with the Administrator and Sheriff of the [Jail] to commit fraud of falsely and deliberately recording and accepting false Inspection data" and "failed to provide adequate investigation and implementation, enforcement of policies, procedures" in violation of the "duty of care."[40]

To state a Bivens claim, Mr. Cross must "specifically plead facts showing a constitutional violation."[41] This specificity requirement "prevents insubstantial suits that are based on vague and conclusory pleadings from proceeding to trial."[42] Here, Plaintiff fails to plead any identifiable facts and the limited statements made regarding Mr. Vellek are conclusory, unsupported and insufficient to state a proper claim. Additionally, Mr. Cross fails to allege Mr.

---

[37] *Walker v. Joon Kim*, 2020 U.S. Dist. LEXIS 73676 *15 (S.D.N.Y. April 24, 2020) (citations omitted).

[38] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). Because Mr. Cross proceeds pro se, the court construes his pleading "liberally."

[39] ECF No. 81 at 1.

[40] *Id.* at 8.

[41] *Berman v Turecki,* 885 F. Supp. 528, 533 (S.D.N.Y 1995) (*citing Barbera v. Smith,* 836 F.2d 96, 99 (2d Cir. 1987), *cert. denied,* 489 U.S. 1065, 103 L. Ed. 2d 808, 109 S. Ct. 1338 (1989).

[42] *Id.* (*citing Harlow v. Fitzgerald,* 457 U.S. 800, 808, 817-18, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982).

Vellek's personal involvement in a constitutional violation and does not clearly indicate "'*who* is alleged to have done *what* to *whom*.'"[43]

Absent factual support, specificity and identification of individual actions, the court recommends dismissal of Mr. Cross' Bivens claim against Mr. Vellek for failure to state a claim.

### 2. Ms. Cott

Mr. Cross identifies Ms. Cott as an "employee" of the U.S. Marshal who violated his right to procedural due process when she failed "to forward the Federal Tort Claim submitted by the plaintiff to the proper Federal Department for processing."[44] While Ms. Cott has not been formally served, the court addresses Plaintiff's claim against her pursuant to 28 U.S.C. § 1915.[45]

Similar to Mr. Vellek, Plaintiff fails to state a Bivens claim against Ms. Cott. Mr. Cross makes a single conclusory statement about Ms. Cott,[46] does not plead any facts to support his claim and fails to allege personal involvement sufficient to establish a violation. In turn, Plaintiff's claim against Ms. Cott appear to be rooted in Defendants' claim that the court lacks jurisdiction based on Mr. Cross' failure to exhaust his administrative remedies.[47] Yet, based on

---

[43] *Stone v. Albert,* No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (*quoting Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir. 2008)); *see also Bennett v. Passic*, 545 F. 2d 1260, 1262-63 (10th Cir. 1996) (citations omitted) ("Personal participation is an essential allegation in a § 1983 claim.").

[44] ECF No. 81 at 2-3.

[45] Mr. Cross proceeds IFP. ECF No. 8. Pursuant to 28 U.S.C. § 1915 (a)(2)(B)(ii), the IFP statute, the court may dismiss an action "at any time" for failure to state a claim.

[46] ECF No. 81 at 3.

[47] ECF No. 41.

information provided by Mr. Cross,[48] Defendants' exhaustion argument was withdrawn and Plaintiff's FTCA claims were allowed to proceed.[49]

Under Rule 12(b)(6), the court looks "to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."[50] Indeed, to survive a plaintiff must provide "more than labels and conclusions, or a formulaic recitation of the elements of a cause of action."[51] And, while "technical factual pleading" is not required the complaint "must still provide enough factual allegations for a court to infer potential victory."[52] Despite being given an opportunity to amend and correct deficiencies of his original pleading, Mr. Cross has not done so, and Plaintiff's amended complaint is devoid of facts to support a plausible claim for relief under either the FTCA or Bivens.[53]

### RECOMMENDATION

Accordingly, the court RECOMMENDS, as follows:

Defendants' Motion is GRANTED, and Plaintiff's amended complaint is DISMISSED with prejudice. (ECF No. 82.)

Copies of this Report and Recommendation are being sent to Plaintiff, who is hereby notified of his right to object. Plaintiff must file any objection to this Report and

---

[48] ECF No. 69; ECF No. 71.

[49] ECF No. 72.

[50] *Pace v. Swerdlow,* 519 F.3d 1067, 1073 (10th Cir. 2008) (internal quotations omitted).

[51] *Twombly*, 550 U.S. at 555.

[52] *Bryson v. Gonzales,* 534 F.3d 1282, 1287 (10th Cir. 2008).

[53] Fed. R. Civ. P. 12(b)(6).

Recommendation within fourteen (14) days after being served with a copy.[54] A failure to object may constitute waiver of objections upon subsequent review.

    **IT IS SO ORDERED.**

    Dated: September 8th 2020.

                                                                             _____
                                                                          Dustin B. Pead
                                                                          U.S. Magistrate Judge

---

[54] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).